**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HONORABLE JANE A. RESTANI, JUDGE**

MITSUBISHI POWER AMERICAS, INC.,

                                    *Plaintiff,*

            v.

UNITED STATES,

                                    *Defendant.*

Court No.  **21-cv-00573**

**NON-CONFIDENTIAL**

## PROPOSED ORDER

Upon consideration of Plaintiff's Motion for Summary Judgment, and all of the pleadings and papers on file herein, and after due deliberation, it is hereby —

**ORDERED** that Plaintiff's Motion for Summary Judgment is granted; and it is further

**ORDERED** that the subject merchandise is properly classified in primary subheading 3815.19.0000, HTSUS, and secondary Headings 9903.88.46 and 9903.88.56, HTSUS, duty- and tariff-free; and it is further

**ORDERED** that Defendant reliquidate the entries covered by this action with a refund of all duties and/or tariffs overpaid, plus interest, as provided by law.

_____
HON. JANE A. RESTANI, JUDGE

Dated: New York, New York

This _____day of _____, 2024.

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HONORABLE JANE A. RESTANI, JUDGE**

MITSUBISHI POWER AMERICAS, INC.,

*Plaintiff,*

v.

UNITED STATES,

*Defendant.*

Court No. __21-cv-00573__

**NON-CONFIDENTIAL**

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In accordance with Rule 56 of the Rules of the United States Court of International Trade ("USCIT"), Plaintiff, Mitsubishi Power Americas, Inc. ("MPA" or "Plaintiff"), hereby moves this Court for summary judgment. This Motion is supported by the separate statement of undisputed material facts and exhibits, as well as the following memorandum in support of Plaintiff's Motion for Summary Judgement.

For the reasons set out therein, Plaintiff submits that the merchandise which is the subject of this action is properly classified under primary subheading 3815.19.0000 of the Harmonized Tariff Schedule of the United States ("HTSUS") and secondary Headings 9903.88.46 and 9903.88.56, HTSUS. The subject merchandise is thus free of any duty and China Section 301 tariffs.

Articles of subheading 3815.19.0000, HTSUS, entered before September 24, 2018, were not subject to additional China Section 301 tariffs.

The following articles of subheading 3815.19.0000, HTSUS, were excluded from the imposition of additional China Section 301 tariffs on articles entered between September 24, 2018, and August 7, 2020:

(1) "Plate-type supported catalysts (reaction accelerators) for reduction of nitrous oxides (NOx) with enhanced mercury oxidation, with oxides of base metals being the active substances, applied to a stainless steel mesh (described in statistical reporting number 3815.19.0000)" – excluded under Heading 9903.88.46, U.S. Note 20(yy)(19) to Subchapter III of Chapter 99, HTSUS. *See* 85 Fed. Reg. 27,489, 27,493 (May 8, 2020).

(2) "Plate-type supported catalysts (reaction accelerators) for reduction of nitrous oxides (NOx), with base metals being the active substances, applied on a titanium dioxide based ceramic material to a stainless steel mesh (described in statistical reporting number 3815.19.0000)" – excluded under Heading 9903.88.46, U.S. Note 20(yy)(20) to Subchapter III of Chapter 99, HTSUS. *See* 85 Fed. Reg. 27,489, 27,493 (May 8, 2020).

These exclusions were extended for the following articles entered between August 7, 2020, and December 31, 2020:

(1) "Plate-type supported catalysts (reaction accelerators) for reduction of nitrous oxides (NOx) with enhanced mercury oxidation, with oxides of base metals being the active substances, applied to a stainless steel mesh (described in statistical reporting number 3815.19.0000)" – extended under Heading 9903.88.56, U.S. Note 20(iii)(47) to Subchapter III of Chapter 99, HTSUS. *See* 85 Fed. Reg. 48,600, 48,604 (Aug. 11, 2020).

(2) "Plate-type supported catalysts (reaction accelerators) for reduction of nitrous oxides (NOx), with base metals being the active substances, applied on a titanium dioxide based ceramic material to a stainless steel mesh (described in statistical

reporting number 3815.19.0000)" – extended under Heading 9903.88.56, U.S. Note 20(iii)(48) to Subchapter III of Chapter 99, HTSUS. *See* 85 Fed. Reg. 48,600, 48,604 (Aug. 11, 2020).

The Mitsubishi Plate-type ***TRAC*** Supported Selective Catalytic Reduction ("SCR") Catalyst formulation is an optimized formulation designed to enhance mercury oxidation corresponding to the first China Section 301 tariff exclusion above (Heading 9903.88.46, U.S. Note 20(yy)(19) to Subchapter III of Chapter 99, HTSUS; Heading 9903.88.56, U.S. Note 20(iii)(47) to Subchapter III of Chapter 99, HTSUS).

The Mitsubishi Plate-type ***CM*** Supported SCR Catalyst is a standard formulation, which corresponds to the second China Section 301 tariff exclusion above (Heading 9903.88.46, U.S. Note 20(yy)(20) to Subchapter III of Chapter 99, HTSUS; Heading 9903.88.56, U.S. Note 20(iii)(48) to Subchapter III of Chapter 99, HTSUS).

Even if this Court determines that the subject merchandise is not classified under one of the provisions of Heading 3815, HTSUS, the exclusions referenced above should still apply because MPA originally applied for the exclusions, the United States Trade Representative ("USTR") granted the exclusions for the subject merchandise, and the language of the exclusions describes the subject merchandise.

WHEREFORE, Plaintiff respectfully requests that judgment be granted in its favor; and that Defendant United States and U.S. Customs and Border Protection be directed to reliquidate the entries subject to this action, classify the subject merchandise under primary subheading 3815.19.0000, HTSUS, and secondary Headings 9903.88.46 and 9903.88.56, HTSUS, and refund to Plaintiff the excess duties and/or tariffs collected, together with interest, as provided by law.

Alternatively, if the Court determines that the subject merchandise is not classified under Heading 3815, HTSUS, Plaintiff respectfully requests that the Court direct the USTR to revise the language of the subject exclusions to reflect the correct underlying classification and that Defendant United States and U.S. Customs and Border Protection be directed to reliquidate the entries subject to this action, classify the subject merchandise under the correct subheading, apply the revised exclusions, and refund to Plaintiff the excess duties and/or tariffs collected, together with interest, as provided by law.

Respectfully submitted,

Dated: ___August 21, 2024___    _____

Serhiy Kiyasov, Attorney

Eric R. Rock
Rock Trade Law LLC
134 North LaSalle Street, Suite 1800
Chicago, Illinois 60602
312-824-6195 (telephone)
skiyasov@rocktradelaw.com (e-mail)

*Counsel For Mitsubishi Power Americas, Inc.*

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................... i

TABLE OF AUTHORITIES ........................................................................................... ii

TABLE OF EXHIBITS TO COUNSEL DECLARATION ........................................... viii

INTRODUCTION AND DESCRIPTION OF SUBJECT MERCHANDISE............................... 1

TARIFF PROVISIONS AT ISSUE.................................................................................. 9

QUESTION PRESENTED FOR DECISION ................................................................. 11

SUMMARY OF THE ARGUMENT ............................................................................. 12

JURISDICTION ............................................................................................................. 14

STANDARD OF REVIEW ............................................................................................ 14

ARGUMENT ................................................................................................................. 17

I.     Supported SCR Catalyst Blocks Are "Reaction Initiators, Reaction Accelerators, and Catalytic Preparations." .................................................................................. 19

II.    Supported SCR Catalyst Blocks are Supported Catalysts. .............................. 20

III.   Supported SCR Catalyst Blocks Meet the Description of the Exclusions........................ 23

      A.     Mitsubishi Plate-type *TRAC* Supported SCR Catalyst Blocks are Excluded from China Section 301 Tariffs. ................................................................. 24

      B.     Mitsubishi Plate-type *CM* Supported SCR Catalyst Blocks are Excluded from China Section 301 Tariffs. ................................................................. 26

IV.    Supported SCR Catalyst Blocks Cannot Be Classified as "Filtering or Purifying Machinery and Apparatus, For … Gases; Parts Thereof" of Heading 8421, HTSUS...... 29

CONCLUSION............................................................................................................... 35

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*ABB, Inc. v. United States,*
421 F.3d 1274 (Fed. Cir. 2005).................................................................17

*Bausch & Lomb, Inc. v. United States,*
148 F.3d 1363 (Fed. Cir. 1998)...........................................................15, 16

*Baxter Healthcare Corp. of P.R. v. United States,*
182 F.3d 1333 (Fed. Cir. 1999)...............................................................30

*CamelBak Prods., LLC v. United States,*
649 F.3d 1361 (Fed. Cir. 2011)...............................................................17

*Carl Zeiss, Inc. v. United States,*
195 F.3d 1375 (Fed.Cir.1999)................................................................30

*Chevron Chem. Co. v. United States,*
59 F. Supp. 2d 1361 (Ct. Int'l Trade 1999) ............................................16

*Deckers Outdoor Corp. v. United States,*
714 F.3d 1363 (Fed. Cir. 2013)...............................................................15

*Deringer v. United States,*
656 F. Supp. 670 (Ct. Int'l Trade 1986) .................................................31

*Deringer v. United States,*
832 F.2d 592 (Fed. Cir. 1987).................................................................31

*Diachem Indus. v. United States,*
22 Ct. Int'l Trade 889 (1998)..................................................................19

*Franklin v. United States,*
289 F.3d 753 (Fed. Cir. 2002)...........................................................31, 33

*Hewlett-Packard Co. v. United States,*
189 F.3d 1346 (Fed. Cir. 1999)...............................................................15

*Link Snacks, Inc. v. United States,*
742 F.3d 962 (Fed. Cir. 2014).................................................................15

*Loper Bright Enters. v. Raimondo,*
144 S. Ct. 2244 (2024)............................................................................15

*Matsushita Elecs. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986)..................................................................16

*N. Am. Processing Co. v. United States*,
236 F.3d 695 (Fed. Cir. 2001)..................................................17

*Noss Co. v. United States*,
588 F. Supp. 1408 (Ct. Int'l Trade 1984) ................................31

*Orlando Food Corp. v. United States*,
140 F.3d 1437 (Fed. Cir. 1998)................................................17

*Plexus Corp. v. United States*,
489 F. Supp. 3d 1379 (Ct. Int'l Trade 2020) ..........................15

*R.T. Foods, Inc. v. United States*,
757 F.3d 1349 (Fed. Cir. 2014)................................................15

*R.T. Foods, Inc. v. United States*,
887 F. Supp. 2d 1351 (Ct. Int'l Trade 2012) ....................14-15

*Rocknel Fastener, Inc. v. United States*,
267 F.3d 1354 (Fed. Cir. 2001)................................................30

*Schlumberger Tech. Corp. v. United States*,
845 F.3d 1158 (Fed. Cir. 2017)................................................15

*SGS Sports Inc. v. United States*,
620 F. Supp. 3d 1365 (Ct. Int'l Trade 2023) ..........................15

*Shamrock Bldg. Materials, Inc. v. United States*,
619 F. Supp. 3d 1337 (Ct. Int'l Trade 2023) ..........................30

*Streetsurfing LLC v. United States*,
38 Ct. Int'l Trade 1327 (2014) ..........................................18, 19

*Toy Biz, Inc. v. United States*,
248 F. Supp. 2d 1234 (Ct. Int'l Trade 2003) ..........................17

*United States v. Pan Pac. Textile Group Inc.*,
276 F. Supp. 2d 1316 (Ct. Int'l Trade 2003) ..........................16

*Universal Elecs. Inc. v. United States*,
112 F.3d 488 (Fed. Cir. 1997)..................................................15

*Warner-Lambert Co. v. United States*,
407 F.3d 1207 (Fed. Cir. 2005)..................................................................16

**Statutes**

19 U.S.C. § 1515 ........................................................................................14

19 U.S.C. § 1515(b) ...................................................................................14

19 U.S.C. § 2411(a)(1) ................................................................................4

28 U.S.C. § 1581(a) ...................................................................................14

28 U.S.C. § 2640(a) ...................................................................................15

28 U.S.C. § 2673(a) ...................................................................................14

Harmonized Tariff Schedule of the United States

Explanatory Note (II)(B) to Heading 8421 ................................29, 30, 34

Explanatory Notes to Heading 3815 ................................................19, 21

General Rule of Interpretation 1 ..............................................17, 19, 34

General Rule of Interpretation 2(b)............................................... 17-18

General Rule of Interpretation 3 .........................................................18

General Rule of Interpretation 3(a)....................................................18

General Rule of Interpretation 3(b)............................................ *passim*

General Rule of Interpretation 3(c)....................................................18

Heading 3815 ...................................................................... *passim*

Heading 8421 ..............................................................9, 29, 33, 34

Heading 9903.88.01 ...............................................................9

Heading 9903.88.46 .......................................................... *passim*

Heading 9903.88.56 .......................................................... *passim*

Subheading 3815.11.0000.......................................................23

Subheading 3815.12.0000..................................................................................23

Subheading 3815.19.00.......................................................................................5

Subheading 3815.19.0000............................................................................. *passim*

Subheading 8421.39...........................................................................................9

Subheading 8421.39.40......................................................................................29

Subheading 8421.39.4000...........................................................................4, 9, 11

U.S. Note 20(iii) to Subchapter III, Chapter 99 ..................................................10

U.S. Note 20(iii)(47) to Subchapter III, Chapter 99 ..................................... *passim*

U.S. Note 20(iii)(48) to Subchapter III, Chapter 99 ..................................... *passim*

U.S. Note 20(yy) to Subchapter III, Chapter 99 ..................................................10

U.S. Note 20(yy)(19) to Subchapter III, Chapter 99...................................... *passim*

U.S. Note 20(yy)(20) to Subchapter III, Chapter 99...................................... *passim*

## Other Authorities

*China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation; Technical Modifications to 301 Action*,
87 Fed. Reg. 9,785 (Feb. 22, 2022) .............................................................14, 28

*Extension of Exclusions and Request for Comments: China's Acts, Policies and Practices Related to Technology Transfer, Intellectual Property and Innovation*,
88 Fed. Reg. 90,225 ........................................................................................7

*Initiation of Section 301 Investigation; Hearing; and Request for Public Comments: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*,
82 Fed. Reg. 40,213 (Aug. 24, 2017)................................................................4

Merriam Webster Online Dictionary ...........................................................30, 31

*Notice of Determination and Request for Public Comment Concerning Proposed Determination of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*,
83 Fed. Reg. 14,906 (Apr. 6, 2018) .................................................................4

*Notice of Extension for Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*,
88 Fed. Reg. 62,423 (September 11, 2023) ............................................................. 7

*Notice of Extension of Certain Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*,
89 Fed. Reg. 46,948 (May 30, 2024) ..................................................................... 7

*Notice of Extensions for Reinstated Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*,
87 Fed. Reg. 78,187 (December 21, 2022) .............................................................. 7

*Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*,
83 Fed. Reg. 47,974 (Sept. 21, 2018) ..................................................................... 4

*Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*,
84 Fed. Reg. 20,459 (May 9, 2019) ......................................................................... 4

*Notice of Product Exclusion Extensions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*,
85 Fed. Reg. 48,600 (Aug. 11, 2020)........................................................... *passim*

*Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*,
85 Fed. Reg. 27,489 (May 8, 2020) .............................................................. *passim*

*Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*,
85 Fed. Reg. 28,693 (May 13, 2020) ................................................................14, 28

*Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*,
85 Fed. Reg. 549 (Jan. 6, 2020) .......................................................................14, 28

*Notice of Reinstatement of Certain Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*,
87 Fed. Reg. 17,380 (March 28, 2022) ................................................................... 7

*Procedures for Requests To Exclude Particular Products From the September 2018 Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*,
84 Fed. Reg. 29,576 (June 24, 2019) ..................................................................... 5

USCIT Rule 56 ...........................................................................................................1

USCIT Rule 56(a) ....................................................................................................15

United States Customs and Border Protection,
Headquarters Ruling H311223 (April 19, 2021) .............................................29

## TABLE OF EXHIBITS TO COUNSEL DECLARATION

| Exhibit | Description |
| --- | --- |
| 1 | Plaintiff's Rule 26 Disclosures |
| 2 | Expert Report of Mr. William Scott Hinton, Ph.D., P.E. |
| 3 | Deposition Transcript of Mr. William Scott Hinton, Ph.D., P.E. |
| 4 | Deposition Transcript of Mr. Kyle Neidig |
| 5 | Deposition Transcript of Ms. Nataline Viray-Fung |
| 6 | CBP Memorandum NY N312365 (June 30, 2020) |
| 7 | Plaintiff's Objections and Responses to Defendant's First Interrogatories |
| 8 | CM Material Safety Data Sheet |
| 9 | TRAC Material Safety Data Sheet |
| 10 | CM Original Exclusion Request and USTR Approval Letter |
| 11 | TRAC Original Exclusion Request and USTR Approval Letter |

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HONORABLE JANE A. RESTANI, JUDGE**

MITSUBISHI POWER AMERICAS, INC.,

*Plaintiff,*

v.

UNITED STATES,

*Defendant.*

Court No. __21-cv-00573__

**NON-CONFIDENTIAL**

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In accordance with Rule 56 of the Rules of the United States Court of International Trade ("USCIT"), Plaintiff, Mitsubishi Power Americas, Inc. ("MPA" or "Plaintiff"), hereby respectfully moves this Court for summary judgment and submits the following memorandum of law in support thereof.

## INTRODUCTION AND DESCRIPTION OF SUBJECT MERCHANDISE

This test case involves the classification of Supported Selective Catalytic Reduction ("SCR") Catalyst Blocks (collectively, the "Subject Merchandise" or "Supported SCR Catalyst Blocks"). The classification of Supported SCR Catalyst Blocks is an issue of first impression for this Court.

Supported SCR Catalyst Blocks are comprised of approximately sixteen individual Catalyst Units. **Plaintiff's Statement of Undisputed Material Facts ("PSUF") 15.** Each Catalyst Unit is in turn comprised of approximately eighty individual Catalyst Plates (or Catalyst Elements). **PSUF 16**. Catalyst Plates are assembled into Catalyst Units, which are further assembled into Supported SCR Catalyst Blocks using a steel block frame. **PSUF 17**. Supported SCR Catalyst Blocks contain other miscellaneous components such as a protector, a set of seal

bars, spacers, and a seal plate. **PSUF 18**. Supported SCR Catalyst Blocks are installed in the Selective Catalytic Reduction Reactor/System ("SCR Reactor" or "SCR System"), which is in turn installed in the Air Quality Control System ("AQCS") at the coal burning power plants. **PSUF 19**. Supported SCR Catalyst Blocks perform the SCR catalyst function as part of a complete SCR Reactor (SCR System). **PSUF 20**.

The only function of Supported SCR Catalyst Blocks is to promote or facilitate a chemical reaction, returning to their original form after completion of the target reaction. **PSUF 22**. Specifically, Supported SCR Catalyst Blocks promote the reaction of ammonia with nitrogen oxides (NO and $NO_2$, collectively referred to as NOx) in the presence of oxygen. **PSUF 24**. SCR technology utilizes a catalyst to chemically convert NOx to nitrogen and water. **PSUF 23**. Thus, the reaction that occurs in Supported SCR Catalyst Blocks is just a conversion reaction referred to as "***redox***" or "***oxidation-reduction***" reaction, in which the NOx is said to have been ***reduced*** where the ammonia acts as the reducing agent, or reductant. **PSUF 42-46**. The NOx molecule is simply ***converted*** to other molecules (nitrogen and water). **PSUF 47**.

The primary chemical reactions promoted by the Supported SCR Catalyst Blocks are as follows:

$$4NO + 4NH_3 + O_2 \rightarrow 4N_2 + 6H_2O$$

$$NO_2 + (4/3)NH_3 \rightarrow 7/6N_2 + 2H_2O \text{ or } 6NO_2 + 8NH_3 \rightarrow 7N_2 + 12H_2O$$

$$NO + NO_2 + 2NH_3 \rightarrow 2N_2 + 3H_2O$$

**PSUF 26**. These are ***balanced chemical reactions*** where ***no atoms (mass) are lost or gained*** as a result of the chemical reaction. **PSUF 27-29**. Supported SCR Catalyst Blocks create chemical reactions and ***change the chemical composition of the matter*** at the inlet and the outlet, ***but all the matter is still there***; the only thing that changes is the chemical makeup. **PSUF 35-36**. The

matter that entered the catalyst in the form of NOx is still present at the outlet in the form of its base elements, nitrogen and oxygen. **PSUF 34**.

Put simply, there is ***nothing being removed*** in the reaction that occurs in Supported SCR Catalyst Blocks and it neither gains nor loses any components. **PSUF 30-33**. The term "removal" is inaccurate when describing the process taking place within Supported SCR Catalyst Blocks. **PSUF 33**. Supported SCR Catalyst Blocks as imported by MPA (as with all true catalysts) do not absorb, filter, or accumulate the species upon which they act. **PSUF 21**. Further, the reaction that occurs in the Supported SCR Catalyst Blocks does not constitute filtration or purification and Supported SCR Catalyst Blocks do not function as physical or chemical filters or purifiers. **PSUF 37-40**. Supported SCR Catalyst Blocks are not catalytic converters. **PSUF 41**.

Supported SCR Catalysts provide the essential functionality to Supported SCR Catalyst Blocks, which is to initiate and promote the reaction of NOx and ammonia and accelerate the rate of reaction, making it occur quickly such that a practical rate of reaction occurs. **PSUF 53-55**. Supported SCR Catalysts utilized by MPA consist of the combination of active catalytic chemical elements or compounds (collectively termed "active catalytic species") and support materials (sometimes referred to as the "substrate"). **PSUF 48-50**. Supported SCR Catalysts are applied to stainless-steel mesh through various rolling processes such that the mesh is covered by a thin layer of the material to form Catalyst Plates. **PSUF 51-52**. Any physical structural supports, such as metal mesh, steel frames, or other miscellaneous components, do not affect the essential character of the Supported SCR Catalysts or the Supported SCR Catalyst Blocks. **PSUF 56-58**.

No removal of any part of the target material is accomplished by the Supported SCR Catalyst Blocks imported by MPA, or by the SCR Reactor (SCR System) as a whole. **PSUF 72,**

**81**. Neither the Supported SCR Catalyst Blocks imported by MPA, nor the SCR Reactor (SCR System) as a whole, act as a catalytic converter. **PSUF 73**.

MPA imported Supported SCR Catalyst Blocks, which originated in China, into the United States from July 2018 through September 2020. **PSUF 3-5**. The Supported SCR Catalyst Blocks were entered under subheading 3815.19.0000, Harmonized Tariff Schedule of the United States ("HTSUS"), duty- and tariff-free. **PSUF 6-7**. On various dates from September 2019 through February 2021, United States Customs and Border Protection ("CBP") liquidated all entries of the Subject Merchandise with duty rate increases of 25% *ad valorem* as a result of reclassification under subheading 8421.39.4000, HTSUS, a classification which is subject to China Section 301 tariffs. **PSUF 8-9**. The protests that are the subject of this action were each timely filed within one hundred and eighty (180) days of the final liquidation of each of the underlying entries, which were each subsequently denied. **PSUF 10-11**. This action was timely commenced within one hundred and eighty (180) days after the date of mailing of the notices of denial associated with the underlying protests that are the subject of this action. **PSUF 12**.

MPA contends that the Subject Merchandise is properly classified as "other supported catalysts" under subheading 3815.19.0000, HTSUS, which is a duty-free provision. Further, articles of subheading 3815.19.0000, HTSUS, entered before September 24, 2018, were not subject to additional China Section 301 tariffs.

In 2017-2019, pursuant to Section 301 of the Trade Act of 1974 (*as amended*, 19 U.S.C. § 2411(a)(1)), the Office of the United States Trade Representative ("USTR") took various actions which culminated in the imposition of an additional 25 percent *ad valorem* duty on various products imported from China. *See Initiation of Section 301 Investigation; Hearing; and Request for Public Comments: China's Acts, Policies, and Practices Related to Technology*

*Transfer, Intellectual Property, and Innovation*, 82 Fed. Reg. 40,213, 40,213 (Aug. 24, 2017);

*Notice of Determination and Request for Public Comment Concerning Proposed Determination of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 14,906, 14,907 (Apr. 6, 2018);

*Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 47,974, 47,974 (Sept. 21, 2018) (giving notice of List 3 action and imposition of 10 percent duties on List 3 articles as of September 24, 2018); *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 20,459, 20,459 (May 9, 2019) (announcing that duties on List 3 articles would be increased to 25 percent beginning May 10, 2019). This 10, and subsequently 25, percent *ad valorem* duty applied to articles classified under subheading 3815.19.00, HTSUS, which originated in China.

Following the imposition of the additional 10, and subsequently 25, percent *ad valorem* duty, the USTR established a process by which importers could request that specific products classified within an affected tariff provision be excluded from (that is, imported without application of) such duties. *See Procedures for Requests To Exclude Particular Products From the September 2018 Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 29,576 (June 24, 2019).

As part of this exclusion process, for the period from September 24, 2018, to August 7, 2020, the USTR granted exclusions provided for under Heading 9903.88.46, HTSUS, and described in U.S. Notes 20(yy)(19) and 20(yy)(20) to Subchapter III of Chapter 99, HTSUS, as follows:

(19) "Plate-type supported catalysts (reaction accelerators) for reduction of nitrous oxides (NOx) with enhanced mercury oxidation, with oxides of base metals being the active substances, applied to a stainless steel mesh (described in statistical reporting number 3815.19.0000)."

(20) "Plate-type supported catalysts (reaction accelerators) for reduction of nitrous oxides (NOx), with base metals being the active substances, applied on a titanium dioxide based ceramic material to a stainless steel mesh (described in statistical reporting number 3815.19.0000)."

*Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology*

*Transfer, Intellectual Property, and Innovation*, 85 Fed. Reg. 27,489, 27,493 (May 8, 2020)

(hereinafter "Exclusion Notice"). The *Exclusion Notice* specifically provides as follows:

> In accordance with the June 24 notice, ***the exclusions are available for any product that meets the description in the Annex***, regardless of whether the importer benefitting from the product exclusion filed an exclusion request. Further, ***the scope of each exclusion is governed by the scope of the product descriptions in the Annex***…

85 Fed. Reg. at 27,490 (emphasis added).

These exclusions were subsequently extended through December 31, 2020, under

Heading 9903.88.56, HTSUS, and described in U.S. Notes 20(iii)(47) and 20(iii)(48),

respectively, to Subchapter III of Chapter 99, HTSUS. *See Notice of Product Exclusion*

*Extensions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual*

*Property, and Innovation*, 85 Fed. Reg. 48,600, 48,604 (Aug. 11, 2020) (hereinafter "*Exclusion*

*Extension Notice*"). The *Exclusion Extension Notice* specifically provides as follows:

> In accordance with the June 24 notice, ***the exclusions are available for any product that meets the description in the Annex***, regardless of whether the importer filed an exclusion request. Further, ***the scope of each exclusion is governed by the scope of the ten-digit HTSUS headings and product descriptions in the Annex*** to this notice…

85 Fed. Reg. at 48,601 (emphasis added).

Both exclusions identified above were specifically applied for by MPA and issued to MPA

by the USTR for the Subject Merchandise. **PSUF 86**. Notably, both exclusions identified above

and granted to MPA have been consistently extended by the USTR in the past several years and were last extended through June 14, 2024. *See Notice of Reinstatement of Certain Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 87 Fed. Reg. 17,380 (March 28, 2022) (extending the catalysts' Section 301 exclusions from October 12, 2021, thru Dec 31, 2022); *Notice of Extensions for Reinstated Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 87 Fed. Reg. 78,187 (December 21, 2022) (extending the catalysts' Section 301 exclusions from January 1, 2023, thru September 30, 2023); *Notice of Extension for Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 88 Fed. Reg. 62,423 (September 11, 2023) (extending the catalysts' Section 301 exclusions from October 1, 2023, thru December 31, 2023); *Extension of Exclusions and Request for Comments: China's Acts, Policies and Practices Related to Technology Transfer, Intellectual Property and Innovation*, 88 Fed. Reg. 90,225 (December 29, 2023) (extending the catalysts' Section 301 exclusions from January 1, 2024, thru May 31, 2024); *Notice of Extension of Certain Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 89 Fed. Reg. 46,948 (May 30, 2024) (extending the catalysts' Section 301 exclusions May 31, 2024, thru June 14, 2024).

The Subject Merchandise consists of Mitsubishi Plate-type **TRAC** Supported SCR Catalyst Blocks and Mitsubishi Plate-type **CM** Supported SCR Catalyst Blocks. **PSUF 68**. The **CM** formulation represents standard or conventional catalyst design (which does not have enhanced mercury oxidation), while the **TRAC** formulation is designed for enhanced mercury oxidation. **PSUF 69**. The active substances within the Supported SCR Catalyst are molybdenum, tungsten, vanadium, and phosphorus supported by titanium dioxide, silicon dioxide, aluminum oxide, and

aluminosilicate ceramic fiber, which is applied to a stainless-steel mesh. **PSUF 64-65, 70**. The molybdenum, tungsten, vanadium, and phosphorus utilized in Supported SCR Catalysts are base metals. **PSUF 71**.

MPA contends that Mitsubishi Plate-type ***TRAC*** Supported SCR Catalyst Blocks are of an optimized formulation, which are designed to enhance mercury oxidation and are eligible for the following China Section 301 tariff exclusion pursuant to Heading 9903.88.46, U.S. Note 20(yy)(19), and Heading 9903.88.56, U.S. Note 20(iii)(47), to Subchapter III of Chapter 99, HTSUS:

> Plate-type supported catalysts (reaction accelerators) for reduction of nitrous oxides (NOx) with enhanced mercury oxidation, with oxides of base metals being the active substances, applied to a stainless steel mesh (described in statistical reporting number 3815.19.0000).

*Exclusion Notice*, 85 Fed. Reg. at 27,493; *Exclusion Extension Notice*, 85 Fed. Reg. at 48,604.

MPA also contends that Mitsubishi Plate-type ***CM*** Supported SCR Catalyst Blocks are of a standard formulation, which are also eligible for the following China Section 301 tariff exclusion pursuant to Heading 9903.88.46, U.S. Note 20(yy)(20), and Heading 9903.88.56, U.S. Note 20(iii)(48), to Subchapter III of Chapter 99, HTSUS:

> Plate-type supported catalysts (reaction accelerators) for reduction of nitrous oxides (NOx), with base metals being the active substances, applied on a titanium dioxide based ceramic material to a stainless steel mesh (described in statistical reporting number 3815.19.0000).

*Exclusion Notice*, 85 Fed. Reg. at 27,493; *Exclusion Extension Notice*, 85 Fed. Reg. at 48,604.

Thus, the Subject Merchandise must be classified under primary subheading 3815.19.0000, HTSUS, duty-free and be excluded from the additional 10 and 25 percent China Section 301 tariff by application of secondary Headings 9903.88.46 and 9903.88.56, HTSUS.

## **TARIFF PROVISIONS AT ISSUE**

CBP liquidated the Subject Merchandise under subheading 8421.39.4000, HTSUS (2018

Rev. 7 through 2020 Rev. 22 for all references)[1], which provides as follows:

| | | |
|---|---|---|
| **8421** | Centrifuges, including centrifugal dryers; filtering or purifying machinery and apparatus, for liquids or gases; parts thereof: | |
| **...** | | |
| | Filtering or purifying machinery and apparatus for gases: | |
| | … | |
| **8421.39** | Other: | |
| **8421.39.4000** | Catalytic converters. | |

This subheading had an applicable *ad valorem* duty rate of Free.

Additionally, CBP liquidated the Subject Merchandise under secondary Heading

**9903.88.01**, HTSUS, which provides as follows:

> Except as provided in headings 9903.88.05, 9903.88.06, 9903.88.07, 9903.88.08, 9903.88.10, 9903.88.11, 9903.88.14, 9903.88.19, 9903.88.50, 9903.88.52, 9903.88.58, 9903.88.60, 9903.88.62, 9903.88.66, 9903.88.67, 9903.88.68, or 9903.88.69, articles the product of China, as provided for in U.S. note 20(a) to this subchapter and as provided for in the subheadings enumerated in U.S. note 20(b) [to this subchapter].

This subheading had an additional applicable 25 percent China Section 301 tariff.

MPA contends that the classification of the Subject Merchandise in subheading

8421.39.4000, HTSUS, and Heading 9903.88.01, HTSUS, is incorrect, and the Subject

Merchandise must be classified under primary subheading **3815.19.0000**, HTSUS. Which

provides as follows:

| | | |
|---|---|---|
| **3815** | Reaction initiators, reaction accelerators and catalytic preparations, not elsewhere specified or included: | |
| | ***Supported catalysts***: | |
| | **…** | |
| **3815.19.0000** | ***Other***. | |

---

[1] The tariff provisions at issue in this case remained unchanged in the HTSUS revisions identified herein.

Further, MPA contends that Mitsubishi Plate-type *TRAC* Supported SCR Catalyst Blocks should be classified under secondary Heading **9903.88.46** ("[a]rticles the product of China, as provided for in U.S. note 20(yy) to this subchapter, each covered by an exclusion granted by the U.S. Trade Representative"), **U.S. Note 20(yy)(19)** (*entered September 24, 2018, through August 7, 2020*) and secondary Heading **9903.88.56** ("[e]ffective with respect to entries on or after August 7, 2020, and through December 31, 2020, articles the product of China, as provided for in U.S. note 20(iii) to this subchapter, each covered by an exclusion granted by the U.S. Trade Representative"), **U.S. Note 20(iii)(47)** (*entered August 7, 2020, through December 31, 2020*) to Subchapter III of Chapter 99, HTSUS:

> Plate-type supported catalysts (reaction accelerators) for reduction of nitrous oxides (NOx) with enhanced mercury oxidation, with oxides of base metals being the active substances, applied to a stainless steel mesh (described in statistical reporting number 3815.19.0000).

*Exclusion Notice*, 85 Fed. Reg. at 27,493; *Exclusion Extension Notice*, 85 Fed. Reg. at 48,604.

Finally, MPA contends that Mitsubishi Plate-type *CM* Supported SCR Catalyst Blocks should be classified under secondary Heading **9903.88.46** ("[a]rticles the product of China, as provided for in U.S. note 20(yy) to this subchapter, each covered by an exclusion granted by the U.S. Trade Representative"), **U.S. Note 20(yy)(20)** (*entered September 24, 2018, through August 7, 2020*) and secondary Heading **9903.88.56** ("[e]ffective with respect to entries on or after August 7, 2020, and through December 31, 2020, articles the product of China, as provided for in U.S. note 20(iii) to this subchapter, each covered by an exclusion granted by the U.S. Trade Representative"), **U.S. Note 20(iii)(48)** (*entered August 7, 2020, through December 31, 2020*) to Subchapter III of Chapter 99, HTSUS:

> Plate-type supported catalysts (reaction accelerators) for reduction of nitrous oxides (NOx), with base metals being the active substances, applied

on a titanium dioxide based ceramic material to a stainless steel mesh (described in statistical reporting number 3815.19.0000).

*Exclusion Notice*, 85 Fed. Reg. at 27,493; *Exclusion Extension Notice*, 85 Fed. Reg. at 48,604.

Headings 9903.88.46 and 9903.88.56, HTSUS, were not subject to the additional 25 percent China Section 301 tariffs at any time relevant to this action.

## QUESTION PRESENTED FOR DECISION

This matter presents the following questions before the Court for decision.

**First**, whether the Subject Merchandise is classified under:

(1) subheading 3815.19.0000, HTSUS; or

(2) subheading 8421.39.4000, HTSUS.

**Second**, *if* the Court decides that the Subject Merchandise is classified under subheading 3815.19.0000, HTSUS, whether:

a. Plate-type ***TRAC*** Supported SCR Catalyst Blocks are also secondarily classified under Headings 9903.88.46 and 9903.88.56, HTSUS, which are duty- and tariff-free, by application of the following tariff exclusion provided for in U.S. Notes 20(yy)(19) and (iii)(47) to Chapter 99, HTSUS:

> Plate-type supported catalysts (reaction accelerators) for reduction of nitrous oxides (NOx) with enhanced mercury oxidation, with oxides of base metals being the active substances, applied to a stainless steel mesh (described in statistical reporting number 3815.19.0000).

b. Plate-type ***CM*** Supported SCR Catalyst Blocks are also secondarily classified under Headings 9903.88.46 and 9903.88.56, HTSUS, which are duty- and tariff-free, by application of the following tariff exclusion provided for in U.S. Notes 20(yy)(20) and (iii)(48) to Chapter 99, HTSUS:

> Plate-type supported catalysts (reaction accelerators) for reduction of nitrous oxides (NOx), with base metals being the active

11

substances, applied on a titanium dioxide based ceramic material to a stainless steel mesh (described in statistical reporting number 3815.19.0000).

## SUMMARY OF THE ARGUMENT

The identity of the Subject Merchandise is not in dispute. Supported SCR Catalyst Blocks are installed in the SCR Reactor (SCR System), which is in turn installed in an AQCS located at coal burning power plants. **PSUF 19**. Supported SCR Catalysts provide the essential functionality of Supported SCR Catalyst Blocks, which is to initiate and promote the reaction of NOx and ammonia and accelerate the rate of reaction, making it occur quickly such that a practical rate of reaction occurs. **PSUF 53-55**. Supported SCR Catalysts utilized by MPA consist of a combination of active catalytic chemical elements or compounds (collectively termed "active catalytic species") and support materials (sometimes referred to as the "substrate"). **PSUF 48-50**. Supported SCR Catalysts are applied to stainless-steel mesh through various rolling processes such that the mesh is covered by a thin layer of the material to form Catalyst Plates. **PSUF 51-52**. Catalyst Plates are assembled into Catalyst Units and Catalyst Units are, in turn, assembled into Supported SCR Catalyst Blocks using steel block frames. **PSUF 17**.

Nothing is removed (physically or chemically) during the balanced chemical reaction that occurs within the Supported SCR Catalyst Blocks. **PSUF 21-47**. Any physical structural supports, such as metal mesh, steel frames, or other miscellaneous components, do not affect the essential character of the Supported SCR Catalysts or Supported SCR Catalyst Blocks. **PSUF 56-58**. Thus, there is no filtration or purification that occurs in the Supported SCR Catalyst Block. **PSUF 37-38**.

Because the Supported SCR Catalysts provide the essential functionality (*i.e.*, impart the essential character) of the Supported SCR Catalyst Blocks, the Subject Merchandise is properly

classified as "other supported catalysts" under subheading 3815.19.0000, HTSUS. **PSUF 53-54, 60-62**.

Further, Mitsubishi Plate-type ***TRAC*** Supported SCR Catalyst Blocks meet the description of the tariff exclusion provided for under Headings 9903.88.46 and 9903.88.56 and described in U.S. Notes 20(yy)(19) and (iii)(47) to Subchapter III of Chapter 99, HTSUS, because they are plate-type supported catalysts (reaction accelerator) for reduction of nitrous oxides (NOx) with enhanced mercury oxidation, with oxides of base metals being the active substances, applied to a stainless steel mesh (described in statistical reporting number 3815.19.0000) *and this exclusion was originally granted to MPA by the USTR for the exact same product*. *See Exclusion Notice*, 85 Fed. Reg. at 27,493; *Exclusion Extension Notice*, 85 Fed. Reg. at 48,604; **PSUF 86**.

Finally, Mitsubishi Plate-type ***CM*** Supported SCR Catalyst Blocks meet the description of the tariff exclusion provided for under Headings 9903.88.46 and 9903.88.56 and described in U.S. Notes 20(yy)(20) and (iii)(48) to Subchapter III of Chapter 99, HTSUS, because they are plate-type supported catalysts (reaction accelerator) for reduction of nitrous oxides (NOx), with base metals functioning as the active substances, applied on a titanium dioxide based ceramic material to a stainless steel mesh (described in statistical reporting number 3815.19.0000) *and this exclusion was originally granted to MPA by the USTR for the exact same product*. *See Exclusion Notice*, 85 Fed. Reg. at 27,493; *Exclusion Extension Notice*, 85 Fed. Reg. at 48,604; **PSUF 86**.

Even if this Court determines that the Subject Merchandise is not classified under one of the provisions of Heading 3815, HTSUS, the exclusions outlined above should still apply because MPA originally applied for the exclusions, the USTR granted the exclusions for the Subject Merchandise, and the language of the exclusions describes the Subject Merchandise as outlined above, while the USTR should be directed to retroactively revise the exclusion language to indicate

the correct subheading as the USTR has done in the past. *See, e.g., Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 85 Fed. Reg. 549, 550 (Jan. 6, 2020) (retroactively correcting a technical error … in order to conform to the Trade Representative's intent to grant an exclusion requested); *Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 85 Fed. Reg. 28,693 (May 13, 2020) (announcing exclusions and correcting a technical error in a previously announced exclusion); *China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation; Technical Modifications to 301 Action*, 87 Fed. Reg. 9,785 (Feb. 22, 2022) (making technical modifications to correct the error of subjecting an additional subheading to China Section 301 tariffs).

## JURISDICTION

MPA brings this action pursuant to 19 U.S.C. § 1515. 19 U.S.C. § 1515. The Court has exclusive jurisdiction over any civil action commenced to contest the denial of a protest, in whole or in part, under Section 515 of the Tariff Act of 1930 pursuant to 28 U.S.C. § 1581(a). 28 U.S.C. § 1581(a). The protests that are at issue in this action were timely filed and subsequently denied pursuant to 19 U.S.C. § 1515(b). **PSUF 10-11**. MPA timely filed the summons in this action on October 29, 2021, after having paid the liquidated duties in accordance with 28 U.S.C. § 2673(a). 28 U.S.C. § 2673(a); **PSUF 12-13**. Thus, the Court has jurisdiction over this action.

## STANDARD OF REVIEW

When reviewing the denial of a protest and a classification challenge, the Court "does not defer to [CBP's] decisions" and instead applies the *de novo* standard of review to "the record made before the court." *R.T. Foods, Inc. v. United States*, 887 F. Supp. 2d 1351, 1354–55 (Ct.

14

Int'l Trade 2012), *aff'd*, 757 F.3d 1349 (Fed. Cir. 2014) (citations omitted); 28 U.S.C. § 2640(a); *see also Plexus Corp. v. United States*, 489 F. Supp. 3d 1379, 1389 (Ct. Int'l Trade 2020).

A two-step analysis guides the Court in ascertaining the appropriate classification of merchandise: (1) determining the proper meaning of the terms in the tariff provision; and (2) confirming whether the subject merchandise falls within the parameters of the tariff provision. *SGS Sports Inc. v. United States*, 620 F. Supp. 3d 1365, 1371 (Ct. Int'l Trade 2023); *Hewlett-Packard Co. v. United States*, 189 F.3d 1346, 1348 (Fed. Cir. 1999). While the first prong serves as a question of law, the second is a question of fact. *SGS Sports Inc.*, 620 F. Supp. 3d at 1371.

In cases where "there is no dispute as to the nature of the merchandise, then the two-step classification analysis collapses entirely into a question of law," and the Court may resolve a classification dispute as a matter of law on a motion for summary judgment. *Link Snacks, Inc. v. United States*, 742 F.3d 962, 965–66 (Fed. Cir. 2014) (citations omitted); *see also Schlumberger Tech. Corp. v. United States*, 845 F.3d 1158, 1163 (Fed. Cir. 2017). Thus, summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. USCIT Rule 56(a); *see also Deckers Outdoor Corp. v. United States*, 714 F.3d 1363, 1371 (Fed. Cir. 2013); *Bausch & Lomb, Inc. v. United States*, 148 F.3d 1363, 1365 (Fed. Cir. 1998); *Plexus Corp.*, 489 F. Supp. 3d at 1388.

"Courts must exercise their independent judgment" when interpreting the law. *See Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2273 (2024). A "statutory presumption of correctness … does not apply to pure issues of law in a summary judgment motion before the Court," as the Court has an obligation to independently "decide the legal issue of the proper meaning and scope of HTSUS terms." *R.T. Foods, Inc.*, 887 F. Supp. 2d at 1354 (*citing Universal Elecs. Inc. v. United States*, 112 F.3d 488, 491-92 (Fed. Cir. 1997) ("[p]ure questions

of law, such as the proper interpretation of a particular tariff provision or term…lie within the

domain of the courts…and the presumption [of correctness] carries no force as to questions of

law.")); *Warner-Lambert Co. v. United States*, 407 F.3d 1207, 1209 (Fed. Cir. 2005) (citation

omitted).

Summary judgment in a classification action is particularly appropriate where, as here,

"there is no genuine dispute as to the underlying factual issue of exactly what the merchandise

is." *Bausch & Lomb, Inc.*, 148 F.3d at 1365. In determining whether a genuine issue of fact

exists, the Court reviews the evidence submitted and draws all inferences in favor of the party

opposing the motion. *United States v. Pan Pac. Textile Group Inc.*, 276 F. Supp. 2d 1316, 1318–

19 (Ct. Int'l Trade 2003); *see also Matsushita Elecs. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 587 (1986). But even if there are "differences in the factual positions advanced by each

party," summary judgment remains appropriate unless there are "genuine issues of material fact

in dispute." *Chevron Chem. Co. v. United States*, 59 F. Supp. 2d 1361, 1363 (Ct. Int'l Trade

1999).

Here, no dispute exists as to the nature of the Subject Merchandise. The Subject

Merchandise comprises two formulations of Supported SCR Catalyst Blocks – ***TRAC*** and ***CM*** –

with the ***CM*** formulation representing a standard or conventional catalyst design (which does not

have enhanced mercury oxidation) and the ***TRAC*** formulation designed for enhanced mercury

oxidation **PSUF 68-69**. Supported SCR Catalyst Blocks initiate and promote the reaction of NOx

and ammonia and accelerate the rate of reaction, making it occur quickly such that a practical

rate of reaction occurs. **PSUF 53-55**. Supported SCR Catalyst Blocks facilitate a balanced

chemical reaction where no atoms are lost or gained as part of the chemical reaction and NOx

molecule is simply converted to other molecules (nitrogen and water). **PSUF 21-47**. Nothing is physically or chemically removed. **PSUF 28-41**.

Thus, the primary issues for the Court are to determine whether Supported SCR Catalyst Blocks are classified under subheading 3815.19.0000, HTSUS, and whether the exclusions under Headings 9903.88.46 and 9903.88.56, HTSUS, apply. As detailed in this memorandum and the accompany supporting materials, Supported SCR Catalyst Blocks are properly classified as "other supported catalysts" under subheading 3815.19.0000, HTSUS, and the underlying China Section 301 tariff exclusions apply by virtue of being the exact items described in subheading 3815.19.0000, HTSUS, and the underlying exclusions. Accordingly, MPA is entitled to summary judgment as a matter of law.

## ARGUMENT

Unless specifically indicated otherwise, the General Rules of Interpretation ("GRIs") and the Additional Rules of Interpretation ("ARIs") provide the analytical framework for the interpretation of the tariff provisions within each chapter, heading, and subheading to classify imported merchandise. *See N. Am. Processing Co. v. United States*, 236 F.3d 695, 698 (Fed. Cir. 2001); *Toy Biz, Inc. v. United States*, 248 F. Supp. 2d 1234, 1242 (Ct. Int'l Trade 2003) (*citing Orlando Food Corp. v. United States*, 140 F.3d 1437, 1439 (Fed. Cir. 1998)). The GRIs and ARIs are applied in numerical order, and if an "earlier rule resolves a classification question, the court does not look to subsequent rules." *ABB, Inc. v. United States*, 421 F.3d 1274, 1276 (Fed. Cir. 2005); *CamelBak Prods., LLC v. United States*, 649 F.3d 1361, 1364 (Fed. Cir. 2011).

GRI 1 specifically provides that the classification of goods must be determined according to the terms of the headings of the tariff schedule and any relative section or chapter notes. GRI 1. GRI 2(b) provides that "[t]he classification of goods consisting of more than one material or

substance shall be according to the principles of rule 3." GRI 2(b). Within GRI 3 is a three-step hierarchy: first, GRI 3(a) provides that "[t]he heading which provides the most specific description shall be preferred to headings providing a more general description." GRI 3(a). GRI 3(b), in turn, provides that "… composite goods consisting of different materials or made up of different components, which cannot be classified by reference to 3(a), shall be classified as if they consisted of the material or component which gives them their essential character, insofar as this criterion is applicable." GRI 3(b). Finally, if goods cannot be classified by reference to GRI 3(a) or 3(b), GRI 3(c) provides that "they shall be classified under the heading which occurs last in numerical order among those which equally merit consideration." GRI 3(c).

In this case, Supported SCR Catalyst Blocks consist of different components, such as Catalyst Units, Catalyst Plates, Supported SCR Catalysts, a protector, a set of seal bars, spacers, and a seal plate. **PSUF 14-18**. Thus, Supported SCR Catalyst Blocks are "composite goods … made up of different components [and] shall be classified as if they consisted of the material or component which gives them their essential character, insofar as this criterion is applicable." GRI 3(b). Supported SCR Catalysts provide the essential functionality (*i.e.*, imparts the essential character) of the Supported SCR Catalyst Blocks. **PSUF 53-54**. As such, the Subject Merchandise "shall be classified as if [it] consisted of" Supported SCR Catalysts. GRI 3(b).

"The Court may also refer to the Explanatory Notes accompanying a tariff subheading." *Streetsurfing LLC v. United States*, 38 Ct. Int'l Trade 1327, 1331 (2014) (internal citation and quotation omitted). "Although the Explanatory Notes do not constitute controlling legislative history, they are intended to clarify the scope of HTSUS subheadings and to offer guidance in interpreting the HTSUS." *Id.* (internal citation and quotation omitted). "Therefore, although not legally binding or dispositive, the Explanatory Notes may be consulted for guidance and are

generally indicative of the proper interpretation of the various HTSUS provisions." *Id*. at 1331-32 (internal citation and quotation omitted).

**I.      Supported SCR Catalyst Blocks Are "Reaction Initiators, Reaction Accelerators, and Catalytic Preparations."**

Pursuant to GRI 1, the classification analysis begins with "the terms of the heading." GRI 1. Specifically, heading 3815, HTSUS, provides for "[r]eaction initiators, reaction accelerators and catalytic preparations, not elsewhere specified or included." *See also Diachem Indus. v. United States*, 22 Ct. Int'l Trade 889, 896 (1998). As explained in detail in subsequent sections below, Supported SCR Catalyst Blocks are not "specified or included" elsewhere in the HTSUS.

The Explanatory Notes ("ENs") to Heading 3815, HTSUS, provide that "[t]his heading covers preparations which initiate or accelerate certain chemical processes." ENs to Heading 3815. Supported SCR Catalyst Blocks imported by MPA are reaction initiators in that they initiate the reaction of NOx and ammonia. **Ex. 2** at 5. Supported SCR Catalyst Blocks are reaction accelerators in that they promote the increased rate of reaction of NOx and ammonia. **Ex. 2** at 5. Finally, Supported SCR Catalyst Blocks are catalyst preparations in that they are catalytically active preparations having active catalytic species supported by a substrate. **Ex. 2** at 5; **PSUF 48-51**.

Supported SCR Catalyst Blocks consist of different components, such as Catalyst Units, Catalyst Plates, Supported SCR Catalyst, protector, a set of seal bars, spacers, and a seal plate (**PSUF 14-18**) that could potentially be classified in different headings. Thus, Supported SCR Catalyst Blocks are "composite goods … made up of different components [and] shall be classified as if they consisted of the material or component which gives them their essential character, insofar as this criterion is applicable." GRI 3(b). All essential characteristics of the

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

Supported SCR Catalyst Blocks above are imparted by the Supported SCR Catalysts themselves. **PSUF 53-54**. Any physical structural support, such as metal mesh, steel frames, or other miscellaneous components, does not affect the essential function or character of the Supported SCR Catalysts or the Supported SCR Catalyst Blocks. **PSUF 56-58**.

As such, Supported SCR Catalyst Blocks "shall be classified as if [they] consisted of" Supported SCR Catalysts (GRI 3(b)) described by the terms of Heading 3815, HTSUS, in that they are reaction initiators, reaction accelerators, and catalytic preparations, not specified or included elsewhere in the HTSUS. **PSUF 61**.

**II.    Supported SCR Catalyst Blocks are Supported Catalysts.**

Subheading 3815.19.0000, HTSUS, specifically provides for "other supported catalysts." We first address whether Supported SCR Catalyst Blocks are "supported catalysts." Supported SCR Catalyst Blocks are composite goods because they consist of different components, such as Catalyst Units, Catalyst Plates, Supported SCR Catalysts, protector, a set of seal bars, spacers, and a seal plate. **PSUF 14-18**. Supported SCR Catalysts provide the essential functionality (*i.e.*, imparts the essential character) of the Supported SCR Catalyst Blocks. **PSUF 53-54**. As such, the Subject Merchandise "shall be classified as if [it] consisted of" Supported SCR Catalysts. GRI 3(b).

CBP acknowledged that [[



]] **PSUF 61**. CBP further acknowledged that [[

]]

**PSUF 62**.

The ENs to Heading 3815, HTSUS, define "supported catalysts" as "[preparations] composed … of one or more active substances deposited on a support." ENs to Heading 3815. MPA's Supported SCR Catalysts in particular, are composed of a support which is made of titanium dioxide (primary component), silicon dioxide, and aluminum oxide, while the active components typically include vanadium pentoxide, molybdenum trioxide, and tungsten trioxide. **Ex. 2** at 44; **PSUF 64-65**. These constitute the "one or more active substances deposited on a support" described in the ENs. **Ex. 2** at 44; ENs to Heading 3815.

The ENs to Heading 3815, HTSUS, further indicate that "[t]he metals most frequently used as such or as compounds are cobalt, nickel, palladium, platinum, molybdenum, …"; molybdenum is used as an active component of the subject Supported SCR Catalyst Blocks. **Ex. 2** at 44; **PSUF 65**; ENs to Heading 3815. The ENs also indicate that the "support … generally consist of alumina, carbon, silica gel, siliceous fossil meal or ceramic materials." The titania-based support of Supported SCR Catalysts is similar to that of alumina. **Ex. 2** at 44; **PSUF 64**; ENs to Heading 3815. Furthermore, the titania-based support of Supported SCR Catalysts is a "ceramic material." **Ex. 2** at 44; **PSUF 64**.

Finally, the ENs to Heading 3815, HTSUS, list Ziegler and Ziegler-Natta type catalysts as examples of supported catalysts. ENs to Heading 3815. Ziegler catalysts refer to catalysts for conversion of ethylene, while Ziegler–Natta catalysts refer to similar catalysts for conversion of propylene. **Ex. 2** at 45. These catalysts represent heterogeneous supported catalysts in which active catalytic compounds are present on a substrate/support. **Ex. 2** at 45. These catalysts are similar to MPA's Supported SCR Catalysts, as they incorporate active catalytic species applied to a porous support. **Ex. 2** at 45. Vanadium is sometimes used in Ziegler/Ziegler-Natta catalysts, as is the case with MPA's Supported SCR Catalysts. **Ex. 2** at 45. Supported SCR Catalysts'

# THIS PAGE CONTAINS CONFIDENTIAL INFORMATION

support of titanium dioxide ($TiO_2$) corresponds to the Ziegler-Natta catalysts' support of

magnesium chloride ($MgCl_2$), while the active catalyst species of Supported SCR Catalysts

(vanadium pentoxide, $V_2O_5$) correspond to the active catalyst species of the Ziegler-Natta

catalyst (titanium tetrachloride, $TiCl_4$). **Ex. 2** at 45. It is clear that by specifically listing

Ziegler/Ziegler-Natta type catalysts, Heading 3815, HTSUS, describes supported catalysts

consistent with the subject Supported SCR Catalyst Blocks. **Ex. 2** at 45.

CBP acknowledged that [[



]] **PSUF 60**. In this

case, record evidence clearly establishes, including testimony of CBP's representative Ms.

Nataline Viray-Fung, that any physical structural support, such as metal mesh, steel frames, or

other miscellaneous components, does not affect the essential function or character of the

Supported SCR Catalysts or the Supported SCR Catalyst Blocks. **PSUF 56-58**.

Also, CBP acknowledged that [[

]] **PSUF 61**. CBP further acknowledged that [[

]] **PSUF 62**.

Thus, because Supported SCR Catalysts impart the essential character of the Supported

SCR Catalyst Blocks and are described by the terms of subheading 3815.19.0000, HTSUS, and

the ENs, the Supported SCR Catalyst Blocks meet the definition of "supported catalysts" by

application of GRI 3(b) and are specifically described by the terms of subheading 3815.19.0000,

HTSUS, which provides for "other supported catalysts."

Finally, subheadings 3815.11.0000 and 3815.12.0000, HTSUS, do not describe

Supported SCR Catalyst Blocks because the Subject Merchandise does not use nickel, nickel

compounds, precious metal, or precious metal compounds as the active substance. **Ex. 2** at 44.

### III.    Supported SCR Catalyst Blocks Meet the Description of the Exclusions.

The Subject Merchandise entered before September 24, 2018, classified under subheading

3815.19.0000, HTSUS, was duty-free and not subject to the additional China Section 301 tariff.

The Subject Merchandise entered on September 24, 2018, and beyond, and likewise classified

under subheading 3815.19.0000, HTSUS, was also duty-free and excluded from the additional

China Section 301 tariff by application of the tariff exclusions.

Specifically, Mitsubishi Plate-type ***TRAC*** Supported SCR Catalyst Blocks utilize an

optimized formulation designed to enhance mercury oxidation and are eligible for the following

China Section 301 tariff exclusion pursuant to Heading 9903.88.46, U.S. Note 20(yy)(19), and

Heading 9903.88.56, U.S. Note 20(iii)(47), to Subchapter III of Chapter 99, HTSUS:

> Plate-type supported catalysts (reaction accelerators) for reduction of
> nitrous oxides (NOx) with enhanced mercury oxidation, with oxides of base
> metals being the active substances, applied to a stainless steel mesh
> (described in statistical reporting number 3815.19.0000).

*Exclusion Notice*, 85 Fed. Reg. at 27,493; *Exclusion Extension Notice*, 85 Fed. Reg. at 48,604.

Mitsubishi Plate-type **CM** Supported SCR Catalyst Blocks utilize a standard formulation

eligible for the following China Section 301 tariff exclusion pursuant to Heading 9903.88.46, U.S.

Note 20(yy)(20), and Heading 9903.88.56, U.S. Note 20(iii)(48), to Subchapter III of Chapter 99,

HTSUS:

> Plate-type supported catalysts (reaction accelerators) for reduction of nitrous oxides (NOx), with base metals being the active metals, applied on a titanium dioxide based ceramic material to a stainless steel mesh (described in statistical reporting number 3815.19.0000).

*Exclusion Notice*, 85 Fed. Reg. at 27,493; *Exclusion Extension Notice*, 85 Fed. Reg. at 48,604.

***Most importantly***, ***MPA was the original requestor*** of both exclusions identified above, and these exclusions were specifically granted to MPA by the USTR for the Subject Merchandise.

**PSUF 86**; **Ex. 10-11.**

### A. Mitsubishi Plate-type *TRAC* Supported SCR Catalyst Blocks are Excluded from China Section 301 Tariffs.

The applicable exclusion for the Mitsubishi Plate-type *TRAC* Supported SCR Catalyst Block provides as follows:

> Plate-type supported catalysts (reaction accelerators) for reduction of nitrous oxides (NOx) with enhanced mercury oxidation, with oxides of base metals being the active substances, applied to a stainless steel mesh (described in statistical reporting number 3815.19.0000).

*Exclusion Notice*, 85 Fed. Reg. at 27,493; *Exclusion Extension Notice*, 85 Fed. Reg. at 48,604. The *Exclusion Notice* and *Exclusion Extension Notice* both provide that ***the exclusions are available for any product that meets the description in the Annex***, regardless of whether the importer filed an exclusion request. *See Exclusion Notice,* 85 Fed. Reg. at 27,490; *Exclusion Extension Notice*, 85 Fed. Reg. at 48,601.

We note that MPA was the original requestor of this exclusion, and this exclusion was specifically granted to MPA by the USTR for the Subject Merchandise. **PSUF 86**; **Ex. 11**.

To qualify for the exclusion, the Subject Merchandise must be: (1) a plate-type supported catalyst (reaction accelerator); (2) for reduction of nitrous oxides (NOx); (3) with enhanced mercury oxidation; (4) with oxides of base metals being the active substances; (5) applied to a

stainless steel mesh; and (6) described in statistical reporting number 3815.19.0000. MPA's Plate-type TRAC Supported SCR Catalyst Blocks meet every prong required of the exclusion above.

As discussed more fully *supra*, Supported SCR Catalysts (mixes of active catalytic chemical elements or compounds and support or substrate) impart the essential character to the Supported SCR Catalyst Blocks. **PSUF 53-54**. MPA's Supported SCR Catalysts are plate-type supported catalysts in that they consist of a combination of active catalytic species and support materials applied to stainless-steel mesh through various rolling processes such that the mesh is covered by a thin layer of the material to form Catalyst Plates. **PSUF 48-52**. Supported SCR Catalysts are a reaction accelerator in that they initiate and promote the reaction of NOx and ammonia and accelerate the rate of reaction, making it occur quickly such that a practical rate of reaction occurs. **PSUF 53-55**. Supported SCR Catalysts are utilized for the reduction of nitrous oxides (NOx) because the reaction that occurs in the Supported SCR Catalyst Blocks is a "redox" or "oxidation-reduction" reaction, in which the NOx is said to have been reduced where the ammonia acts as the reducing agent, or reductant. **PSUF 43**. *TRAC* Supported SCR Catalysts are formulations designed for enhanced mercury oxidation. **PSUF 69**. Supported SCR Catalysts used by MPA include the following chemical components as part of the ***active substance***: molybdenum trioxide ($MoO_3$) (0-10% of the Catalyst Plate), tungsten trioxide (0-20% of the Catalyst Plate), vanadium dioxide ($VO_2$) (0.1-10% of the Catalyst Plate), and phosphorus pentoxide ($P_2O_5$) (0-10% of the Catalyst Plate). **PSUF 65**. The molybdenum, tungsten, vanadium, and phosphorus utilized as ***active substances*** in Supported SCR Catalysts are base metals. **PSUF 71**. As such, Supported SCR Catalysts contain oxides of base metals as active substances. Supported SCR Catalysts are applied to stainless-steel mesh. **PSUF 52**. Finally, as discussed *supra*, Supported SCR Catalysts, which impart the essential character of the Supported SCR Catalyst Blocks, are classified under

subheading 3815.19.0000, HTSUS.

As such, *TRAC* Supported SCR Catalyst Blocks meet the description of the exclusion pursuant to Heading 9903.88.46, U.S. Note 20(yy)(19), and Heading 9903.88.56, U.S. Note 20(iii)(47), to Subchapter III of Chapter 99, HTSUS.

### B.    Mitsubishi Plate-type *CM* Supported SCR Catalyst Blocks are Excluded from China Section 301 Tariffs.

The applicable exclusion for the Mitsubishi Plate-type *CM* Supported SCR Catalysts provides as follows:

> Plate-type supported catalysts (reaction accelerators) for reduction of nitrous oxides (NOx), with base metals being the active substances, applied on a titanium dioxide based ceramic material to a stainless steel mesh (described in statistical reporting number 3815.19.0000).

*Exclusion Notice*, 85 Fed. Reg. at 27,493; *Exclusion Extension Notice*, 85 Fed. Reg. at 48,604. The *Exclusion Notice* and *Exclusion Extension Notice* both provide that ***the exclusions are available for any product that meets the description in the Annex***, regardless of whether the importer filed an exclusion request. *See Exclusion Notice*, 85 Fed. Reg. at 27,490; *Exclusion Extension Notice,* 85 Fed. Reg. at 48,601.

We note that MPA was the original requestor of this exclusion, and this exclusion was specifically granted to MPA by the USTR for the Subject Merchandise. **PSUF 86**; **Ex. 10**.

To qualify for the exclusion the Subject Merchandise must be: (1) a plate-type supported catalyst (reaction accelerator); (2) for reduction of nitrous oxides (NOx); (3) with base metals being the active substances; (4) applied on a titanium dioxide based ceramic material to a stainless steel mesh; and (5) described in statistical reporting number 3815.19.0000. MPA's Plate-type *CM* Supported SCR Catalyst Blocks meet every prong required of the exclusion above.

As discussed more fully *supra*, Supported SCR Catalysts (mixes of active catalytic chemical elements or compounds and support or substrate) impart the essential character to the

Supported SCR Catalyst Blocks. **PSUF 53-54**. MPA's Supported SCR Catalysts are plate-type supported catalysts in that they consist of a combination of active catalytic species and support materials applied to stainless-steel mesh through various rolling processes such that the mesh is covered by a thin layer of the material to form Catalyst Plates. **PSUF 48-52**. Supported SCR Catalysts are reaction accelerators in that they initiate and promote the reaction of NOx and ammonia and accelerates the rate of reaction, making it occur quickly such that a practical rate of reaction occurs. **PSUF 53-55**. Supported SCR Catalysts are utilized for reduction of nitrous oxides (NOx) because the reaction that occurs in the Supported SCR Catalyst Blocks are a "redox" or "oxidation-reduction" reaction, in which the NOx is said to have been reduced where the ammonia acts as the reducing agent, or reductant. **PSUF 43**. *CM* Supported SCR Catalysts are standard or conventional catalysts, which do not have enhanced mercury oxidation. **PSUF 69**. Supported SCR Catalysts used by MPA include the following chemical components as part of the ***active substance***: molybdenum trioxide ($MoO_3$) (0-10% of the Catalyst Plate), tungsten trioxide (0-20% of the Catalyst Plate), vanadium dioxide ($VO_2$) (0.1-10% of the Catalyst Plate), and phosphorus pentoxide ($P_2O_5$) (0-10% of the Catalyst Plate). **PSUF 65**. The molybdenum, tungsten, vanadium, and phosphorus utilized as ***active substances*** in Supported SCR Catalyst are base metals. **PSUF 71**. As such, Supported SCR Catalysts contain base metals as active substances. Supported SCR Catalysts used by MPA include the following chemical components as part of the ***chemistry support material***: ***titanium dioxide*** ($TiO_2$) (25-50% of the Catalyst Plate), silicon dioxide ($SiO_2$) (0-10% of the Catalyst Plate), aluminum oxide ($Al_2O_3$) (0-5% of the Catalyst Plate), and ***aluminosilicate ceramic fiber*** ($Al_2O_3$, $SiO_2$) (3-25% of the Catalyst Plate). **PSUF 63-64**. Also, Supported SCR Catalysts are applied to stainless-steel mesh. **PSUF 52**. Thus, Supported SCR Catalysts are applied on a titanium dioxide based ceramic material to stainless steel mesh. Finally,

as discussed *supra*, Supported SCR Catalysts, which impart the essential character of the Supported SCR Catalyst Blocks, are classified under subheading 3815.19.0000, HTSUS.

As such, **CM** Supported SCR Catalyst Blocks meet the description of the exclusion pursuant to Heading 9903.88.46, U.S. Note 20(yy)(20), and Heading 9903.88.56, U.S. Note 20(iii)(48), to Subchapter III of Chapter 99, HTSUS.

Finally, we note that the exclusions referenced above must apply to the Subject Merchandise regardless of the primary underlying classification because MPA submitted the original exclusion requests and detrimentally relied on the specific grants of the exclusions by the USTR to the Subject Merchandise. **PSUF 86**; **Exs. 10-11.** As such, Defendant must be equitably estopped from denying the application of the exclusions to the Subject Merchandise regardless of the primary underlying classification. Even if this Court determines that the Subject Merchandise is not classified under one of the provisions of Heading 3815, HTSUS, the exclusions should still apply because MPA originally applied for the exclusions, the USTR granted the exclusions for the Subject Merchandise, and the language of the exclusions describes the Subject Merchandise as outlined above, and the USTR should be directed to retroactively revise the exclusion language to indicate the correct subheading as USTR has done in the past. *See, e.g., Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 85 Fed. Reg. 549, 550 (Jan. 6, 2020) (retroactively correcting a technical error … in order to conform to the Trade Representative's intent to grant an exclusion requested); *Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 85 Fed. Reg. 28,693 (May 13, 2020) (announcing exclusions and correcting a technical error in a previously announced exclusion); *China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation;*

*Technical Modifications to 301 Action*, 87 Fed. Reg. 9,785 (Feb. 22, 2022) (making technical modifications to correct the error of subjecting an additional subheading to China Section 301 tariffs).

**IV.    Supported SCR Catalyst Blocks Cannot Be Classified as "Filtering or Purifying Machinery and Apparatus, For … Gases; Parts Thereof" of Heading 8421, HTSUS.**

Defendant's position, as explained in CBP Ruling HQ H311223 (April 19, 2021), is that the Supported SCR Catalyst Blocks should be classified under HTSUS subheading 8421.39.40. Heading 8421, HTSUS, specifically provides for "Centrifuges, including centrifugal dryers; filtering or purifying machinery and apparatus, for liquids or gases; parts thereof." Plaintiff's understanding of Defendant's argument is that Supported SCR Catalyst Blocks would fall under the umbrella of "filtering or purifying machinery and apparatus, for … gases."

Specifically, Defendant stated in Ruling HQ H311223, without providing any evidentiary support or analysis and ignoring voluminous record evidence to the contrary, that "[t]here is no dispute that the catalyst function of the SCR block filters fossil fuel combustion gases of the machines in which it is installed." As explained in detail below, this statement is fundamentally erroneous, and, as such, the Supported SCR Catalyst Blocks are not classified under Heading 8421, HTSUS.

EN(II)(B) to Heading 8421, HTSUS, entitled "Filtering or purifying machinery, etc., for gases," explains that "[t]hese gas filters and purifiers are used to separate solid or liquid particles from gases … to eliminate harmful materials (e.g., dust extraction, removal of tar, etc., from gases or smoke fumes, removal of oil from steam engine vapours)." EN(II)(B) to Heading 8421. EN(II)(B) continues with an exemplary list of articles meeting these descriptions, specifically

identifying "[o]ther chemical filters and purifiers for air or other gases (including catalytic converters which change carbon monoxide in the exhaust gases of motor vehicles)." *Id.* Considering both the language of the heading and the ENs, it is understood that articles classified in this provision would perform the function of "filtering" or "purifying" harmful materials from liquids or gases.

Absent contrary legislative intent, "HTSUS terms are to be construed according to their common and commercial meanings," which are presumed to be the same. *Shamrock Bldg. Materials, Inc. v. United States*, 619 F. Supp. 3d 1337, 1342 (Ct. Int'l Trade 2023); *Rocknel Fastener, Inc. v. United States*, 267 F.3d 1354, 1356 (Fed. Cir. 2001); *see also Carl Zeiss, Inc. v. United States*, 195 F.3d 1375, 1379 (Fed.Cir.1999). To ascertain the appropriate common and commercial meaning of one or more terms used in the HTSUS, the Court "may consult lexicographic and scientific authorities, dictionaries, and other reliable information sources." *Shamrock Bldg. Materials*, 619 F. Supp.at 1379 (citing *Baxter Healthcare Corp. of P.R. v. United States*, 182 F.3d 1333, 1337 (Fed. Cir. 1999)).

Merriam-Webster's online dictionary defines the term "filter" (noun form of "filtering") as "a porous article or mass (as of paper or sand) through which a gas or liquid is passed to separate out matter in suspension." *Filter, Merriam Webster Online Dictionary*, *available at* https://www.merriam-webster.com/dictionary/filter (last visited August 15, 2024). Merriam-Webster online dictionary also defines the term "purify" (verb form of "purifying") as "to clear from material defilement or imperfection" and "to free from undesirable elements." *Purify, Merriam Webster Online Dictionary*, *available at* https://www.merriam-webster.com/dictionary/purify (last visited August 15, 2024).

30

The terms "filter" and "purify" have also been construed by this Court and others in prior litigation. In *Noss Co. v. United States*, 588 F. Supp. 1408 (Ct. Int'l Trade 1984), this Court relied on several lexicographic sources to construe the tariff term "purify"—as used in the prior Tariff Schedules of the United States—to mean "to make pure: as to clear from material defilement or imperfection; free from impurities or noxious matter. … To free from admixture with foreign or vitiating elements; make clear or pure. …***To remove unwanted constituents from a substance***." *See also Franklin v. United States*, 289 F.3d 753, 758 (Fed. Cir. 2002) (citing *Noss Co.*, 588 F. Supp. at 1412 (emphasis added) (internal citations omitted)). The Court in *Noss* also noted that, consistent with the Merriam-Webster definition provided above, a "filtering" process "involves the passage of . . . impure material over a porous surface (e.g., a screen)." *Noss*, 588 F. Supp. at 1412.

"Under *Noss*, an imported good purifies if it ***removes*** unwanted constituents from a substance, regardless of what those unwanted constituents may be." *Franklin*, 289 F.3d at 758 (2002) (emphasis added). "[T]he question is whether the goods at issue ***remove*** unwanted extraneous matter." *Franklin*, 289 F.3d at 759 (2002) (emphasis added); *Noss*, 588 F. Supp. at 1412; *Deringer v. United States*, 656 F. Supp. 670, 672 (Ct. Int'l Trade 1986), *aff'd*, 832 F.2d 592 (Fed. Cir. 1987).

None of the definitions or standards discussed above describe the Supported SCR Catalyst Blocks. First, the Supported SCR Catalyst Blocks do not work by "filtering" anything. **PSUF 21, 37, 39**. Neither the Supported SCR Catalyst Blocks nor the Catalyst Plates are porous, and they are not used such that a gas or liquid is passed through them to separate matter in suspension in the flue gas. **PSUF 59**. With respect to whether the Supported SCR Catalyst Blocks work to "purify" the flue gas, their function also does not meet the contours of the term

as it is defined above. **PSUF 38, 40**. Namely, the Supported SCR Catalyst Blocks ***do not work to remove*** any "undesirable" components or substances from the flue gas. **PSUF 24-36**. They do not operate to absorb, collect, or remove targeted compounds from a gas or liquid; they simply promote a chemical reaction that converts nitrous oxide compounds into another structure that remains in the gas flow. **PSUF 24-36**.

Specifically, Mr. Scott Hinton, who holds a B.S. in Chemical Engineering and a Ph.D. in Heterogeneous Catalysis, explained in his unrefuted expert report that Supported SCR Catalyst Blocks do not separate, remove, or eliminate any harmful material or impurities. **Ex. 2** at 3, 4, 37; **PSUF 21, 28-34, 37-40**. No removal of any part of the target material (NOx) is accomplished by the Supported SCR Catalyst Blocks imported by MPA, or by the SCR Reactor (SCR System) as a whole. **PSUF 81**. The Supported SCR Catalyst Blocks as imported by MPA (as with all true catalysts) do not absorb, filter, or accumulate the species upon which they act. **PSUF 21**. Mr. Scott Hinton has also confirmed that Supported SCR Catalyst Blocks do not "clear from material defilement or imperfection," or "free from undesirable elements." **PSUF 83-84**.

Additionally, neither the Supported SCR Catalyst Blocks imported by MPA, nor the SCR Reactor (SCR System) as a whole, act as catalytic converters. **PSUF 73**. The Supported SCR Catalyst Blocks, by themselves, do not have the components necessary to perform filtration or purification. **PSUF 14-18, 41, 73**. This is in contrast to a catalytic converter in a vehicle, for example, which has all necessary capabilities in a self-contained housing to reduce the presence of toxic compounds from the exhaust of a combustion engine. **Ex. 2** at 4. As noted in the Expert Report, a catalytic converter contains, *in addition to* the catalyst: inlet/outlet manifolds, heat shields, a converter body, and provisions for oxygen sensors. **Ex. 2** at 4, 39. It is, in other words, a complete stand-alone device, needing only to be installed into the exhaust of an automobile to

function as intended. **Ex. 2** at 4. Given the above, the Supported SCR Blocks cannot be considered analogous to a catalytic converter. They, therefore, should not fall under the same tariff classification as the catalytic converter.

Notably, in *Franklin*, United States Court of Appeals for the Federal Circuit concluded that "[b]ecause the principal use of Franklin's coral sand [was] to eliminate unwanted properties from water, it [was] properly classified under [one of the subheadings of Heading 8421.]" *Franklin*, 289 F.3d at 759 (2002). However, the case at hand is distinguishable, because in this case no removal of any part of the target material (NOx) is accomplished by the Supported SCR Catalyst Blocks imported by MPA, or by the SCR Reactor (SCR System) as a whole. **PSUF 81**. As such, Supported SCR Catalyst Blocks do not remove any unwanted constituents or extraneous matter from a substance. **PSUF 30-33, 72, 81**.

The reaction that occurs in Supported SCR Catalyst Blocks does not constitute filtration or purification and Supported SCR Catalyst Blocks do not function as physical or chemical filters or purifiers. **PSUF 37-40**.

It follows that the Supported SCR Catalyst Blocks do not perform any of the functions described by this Court, ENs, or Merriam-Webster as representative of a filter or purifier. Moreover, Defendant has not presented any expert submission or testimony to refute Mr. Scott Hinton's scientific expert opinion.

Finally, the SCR Reactor (SCR System), in which Supported SCR Catalyst Blocks are installed, does not remove any target material. **PSUF 72**. The SCR Reactor (SCR System) itself is installed in the much larger Air Quality Control System ("AQCS"). **PSUF 74**. A conventional AQCS consists of the following individual devices: boiler, SCR Reactor, Air Preheater ("AH"), Gas-to-Gas Heater ("GGH") Heat Extractor, particulate collection devices such as Electrostatic

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

Precipitator ("ESP") and/or Fabric Filter ("FF"), Flue Gas Desulfurization ("FGD") system, GGH Reheater, and stack. **PSUF 76**. Most importantly, the various AQCS devices serve different specific purposes, and generally act independently of each other to achieve their target function. **PSUF 77**. Some of these devices perform in a manner that can be described by the terms "filtering" or "purifying". For example, the ESP and FF collect and remove particulate thereby performing filtration and purification functions in the AQCS (**PSUF 78**) and the FGD system frees from undesirable elements thereby performing purification function in the AQCS (**PSUF 79**). However, the ESP, FF, and FGD systems are separate devices and operate independently of each other and the SCR Reactor (SCR System). **PSUF 80**. Finally, neither the Supported SCR Catalyst Block nor the SCR Reactor (SCR System) are needed for the rest of the AQCS to perform its functions. **PSUF 85**.

In summary, neither the terms of Heading 8421, HTSUS, the relevant Explanatory Notes to Heading 8421, HTSUS, nor any other provision besides Heading 3815, HTSUS, describe Supported SCR Catalyst Blocks. CBP acknowledged that [[



]] **PSUF 61.** CBP further acknowledged that [[

]] **PSUF 62**. Given this, this Court should conclude that Supported SCR Catalyst Blocks are not classified under Heading 8421, HTSUS.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff, Mitsubishi Power Americas, Inc., respectfully submits that summary judgment should be entered in its favor, classifying the Subject Merchandise under primary subheading 3815.19.0000, HTSUS, duty-free, and secondary Headings 9903.88.46 and 9903.888.56, HTSUS free of China Section 301 tariff.

Respectfully submitted,

Dated: ___August 21, 2024_____

Serhiy Kiyasov, Attorney

Eric R. Rock
Rock Trade Law LLC
134 North LaSalle Street, Suite 1800
Chicago, Illinois 60602
312-824-6195 (telephone)
skiyasov@rocktradelaw.com (e-mail)

*Counsel For Mitsubishi Power Americas, Inc.*

## **<u>CERTIFICATE OF COMPLIANCE</u>**

I, Serhiy Kiyasov, hereby certify that this brief complies with the 14,000 word-count limitation of the United States Court of International Trade set forth in Standard Chambers Procedure § 2(B)(1) because this brief contains 10,035 words. In making this certification, I have relied upon the word count function of the Microsoft Word processing system used to prepare this brief.

Respectfully submitted,

Dated: ___August 21, 2024___

_____
Serhiy Kiyasov, Attorney

Rock Trade Law LLC
134 North LaSalle Street, Suite 1800
Chicago, Illinois 60602
312-824-6195 (telephone)
skiyasov@rocktradelaw.com (e-mail)

*Counsel For Mitsubishi Power Americas, Inc.*

## CERTIFICATE OF SERVICE

 I, Serhiy Kiyasov, one of the attorneys for the plaintiff, certify that copies of the

Plaintiff's, Mitsubishi Power Americas, Inc.'s Motion for Summary Judgement and

Memorandum in Support thereof, Declaration of Counsel, Statement of Undisputed Material

Facts, and Exhibits were served on all parties by filing a copy via the U.S. Court of International

Trade's CM/ECF System this Wednesday, August 21, 2024.

Respectfully submitted,

Dated:   August 21, 2024

_____
Serhiy Kiyasov, Attorney

Rock Trade Law LLC
134 North LaSalle Street, Suite 1800
Chicago, Illinois 60602
312-824-6195 (telephone)
skiyasov@rocktradelaw.com (e-mail)

*Counsel For Mitsubishi Power Americas, Inc.*