**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HONORABLE JANE A. RESTANI, JUDGE**

| | |
|---|---|
| MITSUBISHI POWER AMERICAS, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant.* | Court No. 21-cv-00573 |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY

Plaintiff, Mitsubishi Power Americas, Inc. ("Mitsubishi" or "Plaintiff"), moves for leave to file the attached Sur-Reply.

Mitsubishi submitted its Motion for Summary Judgment on August 21, 2024 (ECF Nos. 55, 56); and the United States ("Defendant") filed its Cross-Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment on December 13, 2024 (ECF Nos. 63, 64). Mitsubishi filed its Response in Opposition to Defendant's Cross-Motion for Summary Judgment and Reply in Further Support of Mitsubishi's Motion for Summary Judgment on January 17, 2025 (ECF No. 65); and Defendant filed its Reply in Further Support of Defendant's Cross-Motion for Summary Judgment on February 7, 2025 (ECF No. 66) ("Reply").

In its Reply, Defendant relies on additional argument, which was not previously raised in its filings with the Court or related materials. Specifically, Defendant argues that ***"[t]he [tariff] code classifies catalytic converters under heading 8421***, specifically under 8421.39.40" thereby expanding the scope of the heading by borrowing the term "catalytic converters" from the subheading. Reply at 7-8 (emphasis added). As such, Plaintiff seeks a fair opportunity to respond to this argument relied upon by Defendant in its Reply to clarify the scope of Heading 8421, HSTSU, and respectfully requests that the Court accept a brief Sur-Reply for this purpose.

Plaintiff is aware that it cannot file its Sur-Reply until the Court has granted leave to do so. However, in the interests of time and ease of administration, Plaintiff includes its Sur-Reply with this Motion, so that if Plaintiff's Motion for Leave is granted, the Court can proceed to accept it for filing and take said Sur-Reply under consideration. This is also consistent with the Court's prior-established practice. See e.g., *GoPro, Inc., v. United States*, 673 F. Supp. 3d 1349 (Ct. Int'l Trade 2023) (Court No. 20-cv-00176, ECF Nos. 41-43); *Keystone Auto. Operations, Inc. v. United States*, 732 F. Supp. 3d 1339 (Ct. Int'l Trade 2024) (Court No. 21-cv-00215, ECF Nos. 59-61).

Plaintiff's counsel contacted Defendant's counsel, Mr. Brandon A. Kennedy, by e-mail on February 18, 2025. Mr. Kennedy indicated that Defendant's position is as follows: "The Government disagrees with plaintiff's description of the Government's reply brief and the basis for plaintiff's request to file a sur-reply. However, we defer to the sound judgment of the Court regarding the request to file a sur-reply."

For the reasons explained herein, Plaintiff respectfully requests that Plaintiff's Motion for Leave to File a Sur-Reply be granted, and that the Sur-Reply included with this motion be filed and considered by the Court. A proposed order accompanies this motion.

Dated:  February 18, 2025

Respectfully submitted,

Serhiy Kiyasov, Attorney

Rock Trade Law LLC
134 North LaSalle Street, Suite 1800
Chicago, Illinois 60602
312-824-6195 (telephone)
skiyasov@rocktradelaw.com (e-mail)

*Counsel For Mitsubishi Power Americas, Inc.*

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HONORABLE JANE A. RESTANI, JUDGE**

| | |
|---|---|
| MITSUBISHI POWER AMERICAS, INC.,<br><br>     *Plaintiff,*<br> v.<br><br>UNITED STATES,<br><br>     *Defendant.* | Court No. 21-cv-00573 |

### ORDER

Upon consideration of Plaintiff's Motion for Leave to File a Sur-Reply, and good cause appearing, it is hereby —

**ORDERED** that Plaintiff's Motion for Leave to File a Sur-Reply is granted; and it is further

**ORDERED** that Plaintiff has leave to submit a Sur-Reply in connection with Defendant's Cross-Motion for Summary Judgment; and it is further

**ORDERED** that the Clerk of the Court shall enter Plaintiff's Sur-Reply, which is included with Plaintiff's Motion, on the docket for the captioned action.

                    _____
                    HONORABLE JANE A. RESTANI, JUDGE

Dated: New York, New York

This _____ day of February, 2025.

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HONORABLE JANE A. RESTANI, JUDGE**

| | |
|---|---|
| MITSUBISHI POWER AMERICAS, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant.* | Court No. 21-cv-00573 |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY IN FURTHER SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant filed its Reply Memorandum In Further Support of Defendant's Cross-Motion For Summary Judgment on February 7, 2025 (ECF No. 66) ("Reply"). In its Reply, Defendant relies on additional argument, which was not previously discussed in its filings with the Court or related materials. Specifically, Defendant writes as follows:

> Plaintiff further argues that chemical conversion of undesirable elements in gases into new, innocuous substances does not qualify as gas purification. Pl. Reply, 11 - 14. But this argument is contradicted by the tariff code. ***The code classifies catalytic converters under heading 8421***, specifically under 8421.39.40.

Reply at 7-8 (emphasis added). Essentially, Defendant argues that because subheading 8421.39.40, Harmonized Tariff Schedule of the United States ("HTSUS"), covers "[c]atalytic converters," Heading 8421, HTSUS, which *only* provides—in pertinent part—for "filtering or purifying machinery and apparatus, for … gases," also covers catalytic converters. However, such analysis violates the well-established principle of tariff classification under General Rule of Interpretation ("GRI") 1.

"Under GRI 1, *we first look at the language of a classification heading*, and any section or chapter notes, *to determine if the subject product is classifiable under that heading*." *GRK Can., Ltd. v. United States*, 885 F.3d 1340, 1347-48 (Fed. Cir. 2018) (internal citation omitted;

emphasis added). "The possible headings are to be evaluated *without* reference to their subheadings, *which cannot be used to expand the scope of their respective headings*." *Schlumberger Tech. Corp. v. United States*, 845 F.3d 1158, 1163 (Fed. Cir. 2017) (internal citation omitted; emphasis added). "***Only after*** determining that a product is classifiable under the heading should the court look to the subheadings to find the correct classification for the merchandise." *Orlando Food Corp. v. United States*, 140 F.3d 1437, 1440 (Fed. Cir. 1998) (citing GRI 1, 6) (emphasis added). Defendant completely ignores this principle in making its argument referenced above.

Defendant attempts to read the term "catalytic converter" found in subheading 8421.39.40, HTSUS, into Heading 8421, HTSUS, which does not include such term and *only* provides—in pertinent part—for "filtering or purifying machinery and apparatus, for … gases." Plaintiff explained at length that "conversion" does not constitute "removal" or "elimination"—the functions that both this Court and the United States Court of Appeals for the Federal Circuit ("CAFC") have determined are required to conclude that an article functions as a purifier. Plaintiff also established—including expert testimony—that conversion is not filtration or purification. As such, Defendant cannot use the language of subheading 8421.39.40, HTSUS, which provides for "catalytic converters" to expand the scope of heading 8421, HTSUS, which *only* provides—in pertinent part—for "filtering or purifying machinery and apparatus, for … gases."

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's cross-motion for summary judgment and grant Plaintiff's motion for summary judgment.

                                          Respectfully submitted,

Dated:   February 18, 2025                            _____
                                          Serhiy Kiyasov, Attorney

                                          Rock Trade Law LLC
                                          134 North LaSalle Street, Suite 1800
                                          Chicago, Illinois 60602
                                          312-824-6195 (telephone)
                                          skiyasov@rocktradelaw.com (e-mail)

                                        *Counsel For Mitsubishi Power Americas, Inc.*

                                            Eric R. Rock, Attorney
                                            *Of Counsel*

## CERTIFICATE OF SERVICE

I, Serhiy Kiyasov, one of the attorneys for the plaintiff, certify that copies of Plaintiff's Motion for Leave to File a Sur-Reply, Proposed Order, and Proposed Sur-Reply were served on all parties by filing a copy via CM/ECF this Tuesday, February 18, 2025.

Respectfully submitted,

Dated:   February 18, 2025

Serhiy Kiyasov, Attorney

Rock Trade Law LLC
134 North LaSalle Street, Suite 1800
Chicago, Illinois 60602
312-824-6195 (telephone)
skiyasov@rocktradelaw.com (e-mail)

*Counsel For Mitsubishi Power Americas, Inc.*